Carol A. WALTON, Appellant,

v.

STATE of Alaska, Appellee.

No. A–728.

Court of Appeals of Alaska.

May 31, 1985.

Allan Beiswenger, Robinson & Beiswenger, Soldotna, for appellant.

James L. Hanley, Asst. Dist. Atty., Thomas Wardell, Dist. Atty., Kenai, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

Carol A. Walton pled no contest to driving while intoxicated, preserving her right to appeal the denial of her motion to sup-, press all fruits of a stop she argued was unlawful. *Oveson v. Anchorage,* 574 P.2d 801 (Alaska 1978); *Cooksey v. State,* 524 P.2d 1251 (Alaska 1974). We affirm.

At the evidentiary hearing on Walton's motion, Sergeant Bailey of the Kenai Police Department testified that on August 25, 1984, he received a call from the department's dispatcher. Bailey testified that he was told that the state troopers had received a R.E.D.D.I.[1] call concerning a silver Datsun pickup, license number 3994 BD. Bailey "was advised that the vehicle had been driving [sic] in an erratic manner and had run some people off the road." A printed transcript of the dispatcher's call indicated that the dispatcher told Bailey the car was "all over the road" and that the driver reportedly "ran people off the road." The dispatcher told Bailey that the pickup was last seen near Soldotna, heading towards Kenai, and that there was only one occupant in the vehicle, a woman. Bailey drove to the road leading from Soldotna to Kenai, and soon spotted the pickup described by the dispatcher. He stopped the vehicle immediately, and arrested the driver, Walton, after concluding that she was intoxicated.

In *Effenbeck v. State,* 700 P.2d 811 (Alaska App.1985), we applied the Alaska standard for investigatory stops to a stop based almost entirely on a tip by a R.E.D.D.I. caller that the driver of a certain vehicle was intoxicated. We believe that the facts in this case provide a stronger case for justifying a stop. It is clear from the evidentiary hearing in this case that the caller stated that he or she saw Walton engage in extremely erratic driving. The caller also apparently related a specific incident in which Walton forced someone off the road. While it is not clear whether the caller stated a belief that the driver of the pickup was intoxicated, the nature of the program under which the call was made and the caller's observations strongly suggested that this was the caller's conclusion. Since the record discloses at least some

---

1. The R.E.D.D.I. (Report Every Drunk Driver Immediately) program is described in *Effenbeck v. State,* 700 P.2d 811, Op. No. 479 at 3 n. 1 (Alaska App., May 31, 1985).

facts or observations underlying the informant's conclusion, police had a basis for assessing the accuracy of that conclusion. In addition, the caller described a particularly dangerous situation. Under these circumstances, Sergeant Bailey could have easily formed the reasonable suspicion that imminent public danger existed. *Ebona v. State*, 577 P.2d 698, 700 (Alaska 1978); *Coleman v. State*, 553 P.2d 40, 46 (Alaska 1976). *See also Larson v. State*, 669 P.2d 1334, 1336–37 (Alaska App.1983); *State v. Moran*, 667 P.2d 734 (Alaska App.1983).

Accordingly, the conviction is AFFIRMED.